**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SUNDOWN WILLIAM NELSON,<br><br>Defendant/Movant. | CR 16-23-GF-BMM<br>CV 18-10-GF-BMM<br><br>**ORDER DENYING § 2255 MOTION AND DENYING CERTIFICATE OF APPEALABILITY** |

This case comes before the Court on Defendant/Movant Sundown William Nelson's motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. Nelson is a federal prisoner proceeding pro se.

**I. Preliminary Review**

Before the United States is required to respond, the Court must determine whether "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). The Court should "eliminate the

1

burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases, *cited in* Advisory Committee Note (1976), Rule 4, Rules Governing § 2255 Proceedings.

## II. Background

Nelson pled guilty to one count of conspiracy to distribute and possess with intent to distribute a substance containing 50 or more grams of actual methamphetamine, a violation of 21 U.S.C. §§ 846 and 841(a)(1). The advisory guideline range was 188 to 235 months. The Court sentenced Nelson to serve 120 months in prison, concurrent with a state sentence and followed by a five-year term of supervised release. *See* Plea Agreement (Doc. 85) at 2 ¶ 2; Judgment (Doc. 102) at 1-3; Statement of Reasons (Doc. 103) at 1 ¶ III.

## III. Analysis

Nelson now contends counsel provided ineffective assistance of counsel because he failed to move to reduce the federal sentence to account for time in custody before the federal sentence hearing. *See* Mot. § 2255 (Doc. 108) at 4. Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). At this stage of the proceedings, Nelson must allege facts sufficient to support an inference (1) that counsel's performance fell below an objective standard of reasonableness, *id.* at 687-88, and (2) that there is

2

"a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Nelson claims counsel promised he would receive credit for all time served in custody before his federal sentencing hearing. Even if true, counsel's performance was not unreasonable. Nelson admitted trafficking in a substance containing a total of at least 50 grams of actual methamphetamine. *See id.* at 4 ¶ 5 para. 4. The statutory mandatory minimum sentence was 120 months. *See* 21 U.S.C. § 841(b)(1)(A)(viii). Nelson also entered into a plea agreement calling for a sentence of 120 months. *See* Plea Agreement at 6 ¶ 7. Had counsel asked for a lesser sentence, he would have breached the plea agreement. Nelson has not identified a good reason (or even a bad reason) to breach the plea agreement. *See also* Plea Agreement at 3 ¶ 4, 8 ¶ 13. Nelson's allegations do not meet the first prong of the *Strickland* test.

The statutory mandatory minimum term also precluded a sentence less than 120 months. Nor do the circumstances suggest a reasonable probability that Nelson would have been acquitted or obtained a lesser sentence if he had not entered into the plea agreement. Had Nelson been convicted at trial, the advisory guideline range likely would have been 262 to 327 months. *See* Presentence Report ¶¶ 48-49; U.S.S.G. § 3E1.1 & ch. 5 Part A (Sentencing Table). Nelson's allegations also fail to meet the second prong of the *Strickland* test.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. Nelson's allegations do not make a showing of any substance that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Reasonable jurists would find no basis to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A COA is not warranted.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Nelson's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 108) is DENIED.

2. A certificate of appealability is DENIED. The Clerk of Court shall immediately process the appeal if Nelson files a Notice of Appeal.

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 18-10-GF-BMM are terminated and shall close the civil file by entering judgment in favor of the United States and against Nelson.

DATED this 31st day of July, 2018.

*[signature: Brian Morris]*

Brian Morris
United States District Court Judge