# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>SUNDOWN WILLIAM NELSON,<br><br>Defendant/Movant. | Cause No. CR 16-23-GF-BMM<br><br><br>ORDER DENYING RECONSIDERATION AND DENYING CERTIFICATE OF APPEALABILITY |

On July 31, 2018, the Court denied Defendant Nelson's motion under 28 U.S.C. § 2255. On August 16, 2018, Nelson moved for reconsideration.

The Court will address the motion under Federal Rule of Civil Procedure 59(e). *See Rishor v. Ferguson*, 822 F.3d 482, 492 (9th Cir. 2016) ("a timely Rule 59(e) motion that asks the district court to 'correct manifest errors of law or fact upon which the judgment rests' should *not* be construed as a second or successive habeas petition.") (emphasis in *Rishor*).

Nelson does not identify a manifest error of law or fact. He is "not attacking the plea agreement which [he] willingly entered into," Mot. to Reconsider (Doc. 112) at 2, but only asking that he receive credit against his federal sentence for time spent in custody before the federal sentencing hearing, *id*. He is not entitled to that credit. *See* 18 U.S.C. § 3583(b). Nelson's allegations do not make a

showing of any substance that he was deprived of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS HEREBY ORDERED that Nelson's motion for reconsideration (Doc. 112) is DENIED. A certificate of appealability is DENIED.

DATED this 22nd day of August, 2018.

 /s/ Brian M. Morris
Brian M. Morris
United States District Court